UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHYLLIS YACHIMSKI,<br> Plaintiff<br><br>v.<br><br>PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA & VISITING<br>NURSE ASSOCIATION OF BOSTON,<br>INC. GROUP LONG TERM<br>DISABILITY PLAN,<br> Defendants | CIVIL ACTION NO.: 04CV11858RCL |

**DEFENDANTS', THE PRUDENTIAL INSURANCE COMPANY OF AMERICA AND VISITING NURSE ASSOCIATION OF BOSTON INC. GROUP LONG TERM DISABILITY PLAN, ANSWER TO PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

1. The first sentence of this paragraph contains introductory material to which no response is necessary. To the extent a response is necessary, Defendants deny the allegations contained in the first sentence of Paragraph 1. Defendants admit the remainder of the allegations contained in Paragraph 1.

2. This paragraph contains prefatory language to which no response is necessary. To the extent a response is necessary, the Defendants deny the allegations contained in paragraph 2 of the Complaint.

3. This paragraph contains prefatory language to which no response is necessary. To the extent a response is necessary, the Defendants deny the allegations contained in paragraph 3 of the Complaint.

**JURISDICTION**

4. The Defendants admit the allegations contained in Paragraph 4 of the Plaintiff's Complaint.

**PARTIES**

30959.1

5. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in of the first sentence of this paragraph. Defendants admit the remainder of the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. The Defendants admit the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. The Defendants admit the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8. The Defendants admit the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

## STATEMENT OF FACTS

9. The Defendants admit the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. The Defendants admit the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. The Defendants deny the allegations contained in Paragraph 11 of the Plaintiff's Complaint and state that the Plan documents, being written instruments speak for themselves.

12. Defendants answer that the Plan documents, being written instruments speak for themselves, thus no response is required. To the extent a response is required, denied.

13. Defendants answer that the Plan documents, being written instruments speak for themselves, thus no response is required. To the extent a response is required, denied.

14. Defendants answer that the Plan documents, being written instruments speak for themselves, thus no response is required. To the extent a response is required, denied.

15. Defendants answer that the Plan documents speak for themselves, being written instruments, thus no response is required. To the extent a response is required, denied.

16. The Defendants answer that the Plan documents speak for themselves, being written instruments thus no response is required. To the extent a response is required, denied.

17. The Defendants admit that Plaintiff timely filed her claim for benefits and deny the remainder of the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

30959.1

18. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 18 of the Plaintiff's Complaint.

19. The Defendants admit the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. The Defendants admit the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. The Defendants admit the allegations contained Paragraph 21 of the Plaintiff's Complaint.

22. The Defendants admit the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. The Defendants admit the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. The Defendants admit the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25. The Defendants admit the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26. The Defendants admit the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. The Defendants admit the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28. The Defendants admit the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29. The Defendants admit the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30. The Defendants admit the allegations contained in Paragraph 30 of the Plaintiff's Complaint.

31. The Defendants admit the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

32. The Defendants admit the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

30959.1

33. The Defendants admit the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34. The Defendants admit the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

35. The Defendants admit the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

36. The Defendants admit the allegations contained in Paragraph 36 of the Plaintiff's Complaint except for the statement "As is often the case with Crohn's disease," which Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in that statement.

37. The Defendants the allegations contained in Paragraph 37 of the Plaintiff's Complaint.

38. The Defendants the allegations contained in Paragraph 38 of the Plaintiff's Complaint.

39. The Defendants the allegations contained in Paragraph 39 of the Plaintiff's Complaint.

40. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 40 of the Plaintiff's Complaint.

41. The Defendants deny the allegations contained in Paragraph 41 of the Plaintiff's Complaint.

42. The Defendants admit the allegations contained in Paragraph 42 of the Plaintiff's Complaint.

43. The Defendants admit the allegations contained in Paragraph 43 of the Plaintiff's Complaint.

44. The Defendants deny the allegations contained in Paragraph 44 of the Plaintiff's Complaint.

45. The Defendants deny the allegations contained in Paragraph 45 of the Plaintiff's Complaint.

46. The Defendants admit the allegations contained in Paragraph 46 of the Plaintiff's Complaint.

47. The Defendants deny the allegations contained in Paragraph 47 of the Plaintiff's Complaint.

48. The Defendants deny the allegations contained in Paragraph 48 of the Plaintiff's Complaint.

30959.1

49. The Defendants answer that the documents, being in writing, speak for itself that Ms. Yachimski appealed Prudential's decision.

50. The Defendants admit the allegations contained in Paragraph 50 of the Plaintiff's Complaint.

51. The Defendants answer that the letter speaks for itself and admits the allegations contained in Paragraph 51 of the Plaintiff's Complaint.

52. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 52 of the Plaintiff's Complaint.

53. The Defendants deny the allegations contained in Paragraph 53 of the Plaintiff's Complaint.

54. The Defendants deny the allegations contained in Paragraph 54 of the Plaintiff's Complaint.

55. The Defendants deny the allegations contained in Paragraph 55 of the Plaintiff's Complaint.

56. The Defendants deny the allegations contained in Paragraph 56 of the Plaintiff's Complaint.

57. The Defendants deny the allegations contained in Paragraph 57 of the Plaintiff's Complaint.

58. The Defendants deny the allegations contained in Paragraph 58 of the Plaintiff's Complaint.

59. The Defendants deny the allegations contained in Paragraph 59 of the Plaintiff's Complaint.

60. The Defendants deny the allegations contained in Paragraph 60 of the Plaintiff's Complaint.

61. The Defendants deny the allegations contained in Paragraph 61 of the Plaintiff's Complaint.

62. The Defendants deny the allegations contained in Paragraph 62 of the Plaintiff's Complaint.

**FIRST CAUSE OF ACTION**

30959.1

63. The Defendants reassert and incorporate by reference herein the responses to paragraphs 1 through 62 of the plaintiff's Complaint.

64. The Defendants admit the allegations contained in Paragraph 64 of the Plaintiff's Complaint.

65. The Defendants admit the allegations contained in Paragraph 65 of the Plaintiff's Complaint but deny that Plaintiff has established that she is entitled to contractual LTD benefits.

66. This statute speaks for itself and therefore no response is required. To the extent a response is required, the Defendants deny the allegations contained in Paragraph 66 of the Plaintiff's Complaint.

67. The Defendants deny the allegations contained in Paragraph 67 of the Plaintiff's Complaint.

68. The Defendants deny the allegations contained in Paragraph 68 of the Plaintiff's Complaint.

69. The Defendants deny the allegations contained in Paragraph 69 of the Plaintiff's Complaint.

70. The Defendants deny the allegations contained in Paragraph 70 of the Plaintiff's Complaint.

71. The Defendants deny the allegations contained in Paragraph 71 of the Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

72. The Defendants reassert and incorporate by reference herein the responses to paragraphs 1 through 71 of the plaintiff's Complaint.

73. The Defendants deny the allegations contained in Paragraph 73 of the Plaintiff's Complaint.

74. The Defendants admit the allegations contained in Paragraph 74 of the Plaintiff's Complaint, but deny that attorney's fees are recoverable.

75. The Defendants deny the allegations contained in Paragraph 75 of the Plaintiff's Complaint.

76. The Defendants deny the allegations contained in Paragraph 76 of the Plaintiff's Complaint.

30959.1

77. The Defendants deny the allegations contained in Paragraph 77 of the Plaintiff's Complaint.

WHEREFORE, the Defendants request the Complaint be dismissed and that Defendants be awarded all fees and costs and any other such relief this Court deems just and equitable.

### FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants states that Prudential has fully performed its contractual duties owed to the Plaintiff and Plaintiff is estopped from asserting claims against Prudential.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Prudential's handling of Plaintiff's claims for long term disability benefits complied fully with terms and conditions of the LTD Plan.

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the Defendants have complied with and performed all of its promises, obligations and duties to Plaintiff under the Long Term Disability Plan and handling of the Plaintiff's claim for Long Term Disability benefits complied fully with terms and conditions of ERISA.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that the plaintiff is not entitled to disability benefits under the Long Term Disability Plan because she is not "totally disabled" as that phrase is defined in the Plan.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Plaintiff's demand for attorney fees should not be granted because under ERISA 29 USC §1132(g) the defenses asserted by Prudential are reasonable and made in good faith.

### SEVENTH AFFIRMATIVE DEFENSE

30959.1

By way of affirmative defense, the defendants state that each and every act done or statement made by Prudential with reference to the Plaintiff was a good faith assertion of Prudential's rights and therefore was privileged and/or justified.

### EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 29 USC §1132(g), Defendants are entitled to an award of its reasonable attorney fees incurred in defense of this matter.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendants state that Defendants are not liable to Plaintiff for long term disability benefits.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Defendants reserve its right to assert additional defenses up to time of trial.

### ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Plaintiff has failed to exhaust administrative remedies pursuant to 29 CFR 2560.503-1.

    Respectfully submitted,

    PRUDENTIAL INSURANCE OF
    AMERICA and VISITING NURSE
    ASSOCIATION OF BOSTON, INC.
    GROUP LONG TERM DISABILITY
    PLAN,
    By Its Attorneys,

    /s/ Carey L. Bertrand
    William T. Bogaert, BBO#546321
    Carey L. Bertrand, BBO#650496
    WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER, LLP
    155 Federal Street

30959.1

Boston, MA 02110<br>(617) 422-5300

## CERTIFICATE OF SERVICE

I, Carey L. Bertrand, hereby certify that a true copy of the foregoing *document* was served upon all counsel of record by forwarding a copy of the same, first class mail, postage prepaid on this 9th day of November 2004 to:

>Mala M. Rafik, Esq.
>Rosenfeld & Rafik
>44 School Street
>Boston, MA 02109

>/s/ Carey L. Bertrand
>Carey L. Bertrand

30959.1